UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>NAPHCARE INCORPORATED, et al.,<br><br>Defendants. | No. 2:24-cv-2446 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On October 15, 2020, in Calloway v. Munguia, 2:19-cv-1792 DJC CKD P, the court found that plaintiff had "struck out" for purposes of 28 U.S.C. § 1915(g) and recommended that in forma pauperis status which had previously been granted in that action be revoked. The court's findings and recommendations were adopted by the district court judge assigned to the case at the

1

1  time on January 21, 2021.  In forma pauperis status was revoked.  For the reasons stated in the
2  court's October 15, 2020, findings and recommendations, plaintiff has "struck out" for purposes
3  of 28 U.S.C. § 1915(g).

4      The allegations in plaintiff's complaint concern prior wrongs and plaintiff does not point
5  to anything suggesting he is in imminent danger of serious physical injury.  The court notes that
6  at least some of the allegations in plaintiff's complaint concern treatment he has received for
7  issues with his kidneys and that plaintiff seeks a kidney transplant.  However, plaintiff does point
8  to facts suggesting that the treatment he is presently receiving for his kidney issues amounts to
9  imminent danger of serious injury.

10      In light of the foregoing, the court will recommend that plaintiff's request for leave to
11  proceed in forma pauperis be denied.

12      At the end of plaintiff's complaint, plaintiff requests that the court appoint counsel.
13  District courts lack authority to require counsel to represent indigent prisoners in section 1983
14  cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional
15  circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28
16  U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
17  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional
18  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
19  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
20  legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
21  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional
22  circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of
23  legal education and limited law library access, do not establish exceptional circumstances that
24  warrant a request for voluntary assistance of counsel.

25      Having considered the factors under Palmer, the court finds that plaintiff has failed to
26  meet his burden of demonstrating exceptional circumstances warranting the appointment of
27  counsel at this time.
28  /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied.

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be denied.

2. Plaintiff be granted fourteen days within which to pay the $405 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
call2446.k

3