UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>NAPHCARE INCORPORATED, et al.,<br><br>Defendants. | No. 2:24-cv-2446 CKD P<br><br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On September 19, 2024, the court recommended that plaintiff's motion to proceed in forma pauperis be denied as plaintiff has "struck out" pursuant to 28 U.S.C. § 1915(g) and, in his complaint, plaintiff does not allege he is in imminent danger of serious physical injury. Plaintiff has now paid the filing fee for this action. Accordingly, plaintiff's request for leave to proceed in forma pauperis will be denied as moot and the court will vacate the September 19, 2024, findings and recommendations.

1. <u>Screening</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law and that the claims are frivolous. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff complains that over 100 defendants have either denied or conspired to deny plaintiff necessary medical care. It appears plaintiff was denied dialysis because he refused to receive dialysis while wearing his "state blue denim" clothing. It appears plaintiff indicated he would only be treated in a hospital gown.

First, plaintiff's allegations against all defendants are vague and conclusory. Plaintiff fails to point to any facts suggesting that any particular defendant violated plaintiff's rights. In his amended complaint, plaintiff must allege in specific terms how each named defendant is involved in a violation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Second, the court has no reason to suspect that plaintiff has any right under federal law to receive dialysis in a hospital gown as opposed to his prison uniform. Plaintiff's allegations appear frivolous. Plaintiff is informed that denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. Plaintiff appears to have caused his own injury by refusing to accept treatment in the clothes he was wearing.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2. <u>Request for Appointment of Counsel</u>

Plaintiff has filed his second request for the appointment of counsel.  For the reasons stated in the court's September 19, 2024, denial of plaintiff's first request, the second request is also denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is denied as moot.

2. The court's September 19, 2024, findings and recommendations are vacated.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's request for the appointment of counsel (ECF No. 6) is denied.

Dated:  October 2, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
call2446.14